IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 25, 2019

FILED
11/01/2019
Clerk of the
Appellate Courts

**STATE OF TENNESSEE v. RONALD TURNER**

**Appeal from the Criminal Court for Knox County**
**Nos. 105481, 105636          Steven Wayne Sword, Judge**

———————————————————

**No. E2018-01642-CCA-R3-CD**

———————————————————

The Appellant, Ronald Turner, appeals the Knox County Criminal Court's imposing a ten-year sentence for possession of one-half gram or more of cocaine with intent to deliver in case number 105636 and a twelve-year sentence for attempted second degree murder in case number 105481. On appeal, he contends that the trial court erred by not sentencing him to the minimum punishment in the range, eight years, for the offenses, Class B felonies. Based upon the record and the parties' briefs, we affirm the sentences but remand the case to the trial court for correction of judgments of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed, Case Remanded**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

J. Liddell Kirk (on appeal and at resentencing) and Michael A. Graves (at trial), Knoxville, Tennessee, for the appellant, Ronald Turner.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Ta Kisha Monette Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On December 10, 2014, the Appellant fired a gun through a glass door toward three people: his three-year-old son; the child's mother, Jahdaiah Cody; and the mother's roommate, Bredaisha Walden. State v. Ronald Turner, No. E2016-00651-CCA-R3-CD, 2017 WL 1830106, at *1 (Tenn. Crim. App. at Knoxville, May 5, 2017), perm. app.

<u>denied</u>, (Tenn. Apr. 19, 2018).   On January 3, 2015, a police officer began following a Ford Crown Victoria in which the Appellant was a passenger.  <u>State v. Ronald Turner</u>, No. E2016-00790-CCA-R3-CD, 2017 WL 1379999, at *1 (Tenn. Crim. App. at Knoxville, Apr. 13, 2017), <u>perm. app. denied</u>, (Tenn. Apr. 18, 2018). [1]  The car passed by a preschool, and the officer stopped the driver for speeding.  <u>Id.</u> at *1, 2.  During the stop, a backup officer arrived and found a loaded nine-millimeter semiautomatic handgun and .87 grams of crack cocaine base on the Appellant's person.  <u>Id.</u>

In May 2015, the Knox County Grand Jury indicted the Appellant in case number 105481 for the attempted first degree premeditated murders of Ms. Cody (count one), the Appellant's son (count three), and Ms. Walden (count five); three corresponding counts of employing a firearm during the commission of a dangerous felony (counts two, four, and six); and one count of unlawful possession of a handgun while at a public place (count nine).  The grand jury also indicted the Appellant under the gang enhancement statute for the three counts of attempted first degree murder and the unlawful possession of a handgun.  In June 2015, the grand jury indicted the Appellant in case number 105636 for one count of possession of one-half gram or more of cocaine with intent to deliver within 1,000 feet of a preschool (count one), one count of possession of one-half gram or more of cocaine with intent to sell within 1,000 feet of a preschool (count two), two corresponding counts of possession of a firearm during the commission of a dangerous felony (counts three and four), one count of theft of property valued $500 or less (count five), and one count of unlawful possession of a handgun while at a public place (count six).  The grand jury also indicted the Appellant under the gang enhancement statute for the two drug charges and the unlawful possession of a handgun.

The Appellant was tried first in case number 105636, and the jury found him guilty of the two drug charges and the three weapons charges but not guilty of the theft charge.  During the second phase of the trial, the State presented evidence that the Appellant was a member of the Vice Lords gang, and the jury found that the gang enhancement applied to the three underlying offenses.  <u>Id.</u> at *2.

At the Appellant's January 2016 sentencing hearing in case number 105636, the State introduced the Appellant's presentence report into evidence.  According to the report, the Appellant was nineteen years old and left Austin-East High School in 2014 for "disciplinary" reasons.  The Appellant claimed in the report that he obtained his high school diploma while incarcerated at Mountain View Youth Development Center, but the investigating officer was unable to verify the claim.   In the report, the Appellant

---

[1] We note that both of this court's opinions have been designated "Not for Citation" by our supreme court.  Therefore, they have no precedential value.  Tenn. Sup. Ct. R. 4(E)(1).  However, we can cite to the opinions because they are relevant to this opinion, which involves the same defendant.  <u>See</u> Tenn. Sup. Ct. R. 4(E)(2).

described his mental health as "fair" and said that he was taking medication for anxiety and depression. He described his physical health as "excellent" and did not report any medical issues. The Appellant said in the report that he began "heavy" use of alcohol when he was sixteen years old, that he began "heavy" use of marijuana when he was thirteen, and that he smoked eight "blunts" per day. The report showed that he worked at Red Lobster as a dishwasher for two months in 2014, that he quit the job due to transportation problems, and that he did not have any other employment. The report did not show any adult criminal history for the Appellant. However, as a juvenile, he was adjudicated delinquent of disorderly conduct, resisting arrest, possession of a weapon with the intent to go armed, and reckless endangerment.

The trial court found that the Appellant was a Range I, standard offender. The court noted that the Appellant did not have any prior convictions but that he had "a rather lengthy juvenile delinquent history." In mitigation, the trial court found that the Appellant was entitled to some consideration for his youth, because the drug offenses did not involve "a huge amount of drugs," and because the drug offenses in the school zone "occurred passing through in a car." See Tenn. Code Ann. § 40-35-113(13). The trial court stated that it did not think there was "any reason" to sentence the Appellant above the minimum punishment in the range for the Class A felonies. Accordingly, the trial court sentenced him to fifteen years for the convictions of possession of cocaine with intent to deliver and sell, which were elevated from Class B to Class A felonies pursuant to the preschool zone and the gang enhancements, and merged the convictions. The trial court sentenced him to four years for the convictions of possession of a firearm during the commission of a dangerous felony, Class D felonies, and merged the convictions. Finally, the court sentenced him to one year for unlawful possession of a handgun, a Class A misdemeanor that was elevated to a Class E felony pursuant to the gang enhancement. The trial court ordered that the Appellant serve the fifteen-year and one-year sentences concurrently but that he serve the four-year sentence consecutive to the fifteen-year sentence by statute for a total effective sentence of nineteen years.

The Appellant was tried in February 2016 in case number 105481. At trial, Ms. Walden testified that while she and the Appellant's son were standing at the glass door in the kitchen, the Appellant, who was outside, made eye contact with her, raised his gun, and shot toward her and his son. Ronald Turner, No. E2016-00651-CCA-R3-CD, 2017 WL 1830106, at *1. She also stated that Ms. Cody was standing behind them in another room and that the bullet hit a microwave but would have traveled toward Ms. Cody if the microwave had not stopped it. Id. The jury convicted the Appellant of three counts of attempted second degree murder as a lesser-included offense of attempted first degree murder and the four weapons charges. Id. at *3. During the second phase of the trial, the State presented evidence that the Appellant was a member of the Vice Lords gang, and

the jury found that the gang enhancement applied to the convictions of attempted second degree murder and unlawful possession of a handgun. See id. at *3-5.

At the Appellant's March 2016 sentencing hearing in case number 105481, the trial court found that the Appellant was a Range I, standard offender and stated that he had "a lengthy involvement with Juvenile court." Regarding enhancement, the trial court said, "I don't think there's anything that really carries a whole [lot] of weight with the Court other than the fact that he had this juvenile history and has used Marijuana most of his life." In mitigation, the trial court determined that the Appellant's was entitled to "some" mitigation for his young age but concluded that "it's not quite as great as somebody who hadn't had the history that [the Appellant] had already built up in his young life." The trial court stated that it did not think there was "any need" to sentence the Appellant above the minimum punishment in the range for the Class A felonies. Thus, the trial court sentenced him to fifteen years for each conviction of attempted second degree murder, which was elevated from Class B to a Class A felony pursuant to the gang enhancement; six years for each corresponding conviction of employing a firearm during the commission of a dangerous felony, a Class C felony; and one year for unlawful possession of a handgun, which was elevated from a Class A misdemeanor to a Class E felony pursuant to the gang enhancement. See id. at *5 & n.1. The trial court ordered that the Appellant serve the fifteen-year and one-year sentences concurrently and that he serve the six-year sentences concurrently with each other but consecutive to the underlying felonies by statute for an effective sentence of twenty-one years. Id. The trial court also ordered that the Appellant serve the effective twenty-one-year sentence consecutive to the effective nineteen-year sentence in case number 105636 for a total effective sentence of forty years.

On direct appeal of his convictions in case number 105636, this court found that the gang enhancement was imposed pursuant to an unconstitutional statutory provision and vacated the gang enhancement that was applied to three of the Appellant's convictions. Ronald Turner, No. E2016-00790-CCA-R3-CD, 2017 WL 1379999, at *9. Additionally, this court noted that while the Drug-Free School Zone Act required serving the minimum sentence in the range at one hundred percent, the requirement of "'additional incarceration'" did not apply to preschools. Id. Thus, this court remanded the case to the trial court for resentencing for the Appellant's convictions of possession of cocaine with intent to deliver, possession of cocaine with intent to sell, and unlawful possession of a handgun. Id. at *10.

On direct appeal of his convictions in case number 105481, this court affirmed the conviction for the attempted second degree murder of Ms. Walden but concluded that the evidence was insufficient to support the convictions for the attempted second degree murders of the Appellant's son and Ms. Cody. Ronald Turner, No. E2016-00651-CCA-

R3-CD, 2017 WL 1830106, at *10. Accordingly, this court reversed those two convictions and their corresponding weapons offenses. Id. This court also found that the version of the gang enhancement statute in effect at the time of the Appellant's convictions was unconstitutional and remanded the case to the trial court for resentencing for the Appellant's convictions of attempted second degree murder of Ms. Walden and unlawful possession of a handgun. See id. at *5 n.1, 19.

The trial court held a resentencing hearing in both cases on August 10, 2018. At the outset of the hearing, defense counsel argued that because the trial court previously sentenced the Appellant to fifteen years, the minimum punishment in the range, for the Class A felonies, the trial court should resentence him to eight years, the minimum punishment in the range, for the Class B felonies.

Regarding case number 105636, the trial court stated that due to "his prior history, nature of offenses, I don't think maximum sentence is warranted, but I do think something above the minimum is appropriate." The trial court sentenced the Appellant to ten years, the midpoint in the range, for his convictions of possession of cocaine with intent to deliver and sell, Class B felonies, and merged the convictions. The trial court noted that the Appellant's new effective sentence in case number 105636 would be fourteen years.

Regarding case number 105481, the trial court found that enhancement factor (10), that "[t]he defendant had no hesitation about committing a crime when the risk to human life was high," applied to the Appellant's remaining conviction of attempted second degree murder because two people involved in the shooting were no longer named victims. Tenn. Code Ann. § 40-35-114(10). The trial court found that the maximum punishment in the range, twelve years, was "warranted" due to the nature of the offense. In explaining why the trial court sentenced the Appellant to the minimum punishment for the Class A felonies previously, the trial court stated that "one of the things that I was concerned about if I gave him above the minimum on that and ran it consecutive to [105636] that it would be just too long of a sentence for somebody of his young age." The trial court noted that the new effective sentence in case number 105481 would be eighteen years and ordered that the Appellant serve the sentence consecutive to the fourteen-year sentence for a total effective sentence of thirty-two years.[2]

## II. Analysis

---

[2] The trial court did not address resentencing the Appellant for unlawful possession of a handgun in case number 105481 or case number 105636. However, amended judgments of conviction for the two offenses, dated August 10, 2018, are in the technical record and reflect sentences of eleven months, twenty-nine days for the Class A misdemeanors.

On appeal, the Appellant contends that the trial court erred by not resentencing him to eight years, the minimum punishment in the range, for the Class B felonies of possession of cocaine with intent to deliver and attempted second degree murder because the trial court originally sentenced him to fifteen years, the minimum punishment in the range, when the offenses were Class A felonies. The State argues that the trial court did not abuse its discretion by sentencing the Appellant to the midpoint and the maximum punishments in the range for the convictions. We agree with the State.

This court reviews the length, range, and manner of service of a sentence imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012). In sentencing a defendant, the trial court shall consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on an appellant to demonstrate the impropriety of the sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; see

also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. Appellate courts are "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

Turning to the instant case, the range of punishment for a Range I, standard offender convicted of a Class B felony is eight to twelve years. See Tenn. Code Ann. § 40-35-112(a)(2). The trial court enhanced the Appellant's sentences for possession of cocaine with intent to deliver and sell in case number 105636 based on his "prior history, nature of offenses." The record reflects that the Appellant began using marijuana when he was thirteen years old and that he smoked eight "blunts" per day. The trial court even referred to his use of the drug "most of his life" in a previous sentencing hearing. Thus, the trial court did not err in considering the Appellant's admitted marijuana use. See Tenn. Code Ann. § 40-35-114(1); State v. James Harding Dalton, No. M2012-01575-CCA-R3-CD, 2013 WL 3754838, at *4 (Tenn. Crim. App. July 18, 2013); State v. Derrick Lamont Parrish, No. M2010-02589-CCA-R3-CD, 2011 WL 6147016, at *4 (Tenn. Crim. App. at Nashville, Dec. 7, 2011). The trial court enhanced the Appellant's sentence for attempted second degree murder in case number 105481 based on its application of factor (10), that "[t]he defendant had no hesitation about committing a crime when the risk to human life was high." The trial court also did not err by applying that factor because the Appellant shot at Ms. Walden while his son and Ms. Cody were nearby. State v. Reid, 91 S.W.3d 247, 312 (Tenn. 2002) (stating that "enhancement factor (10) may be applied where the defendant creates a high risk to the life of a person other than the named victim").

The Appellant does not contest the finding of enhancement factors by the trial court. Instead, his sole argument is that the trial court should have sentenced him to the minimum punishment in the range because the trial court did so in the previous sentencing hearings. However, the trial court has "broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors." State v. Jack Austin, No. W2017-02042-CCA-R3-CD, 2018 WL 4846366, at *4 (Tenn. Crim. App. at Jackson, Oct. 4, 2018). The trial court found that the minimum punishment of eight years for the Class B felony offenses was not appropriate in this case, and we conclude that the trial court did not err by sentencing the Appellant to the midpoint and the maximum punishments in the range.

Nevertheless, we must remand the case to the trial court due to numerous errors on the amended judgments of conviction. First, the trial court mistakenly resentenced the Appellant for count one in case number 105481. However, that count related to the attempted second degree murder Ms. Cody, which this court reversed and dismissed, not the second degree murder of Ms. Walden, which this court affirmed and remanded for resentencing. Therefore, the trial court must correct the amended judgments to reflect that count one and its corresponding conviction of employing a firearm during the commission of a dangerous felony in count two were dismissed and that the Appellant received a twelve-year sentence for attempted second degree murder in count five and a six-year sentence for the corresponding conviction of employing a firearm during the commission of a dangerous felony in count six. Furthermore, in case number 105636, the amended judgment of conviction for count one reflects that the Appellant was charged and convicted of possession of cocaine with intent to sell within 1,000 feet of a preschool. However, he was charged and convicted of possession of cocaine with intent to deliver within 1,000 feet of a preschool in count one. Similarly, the amended judgment of conviction for count two reflects that the Appellant was charged and convicted of possession of cocaine with intent to deliver within 1,000 feet of a preschool when he was charged and convicted of possession of cocaine with intent to sell within 1,000 feet of a preschool. Therefore, the trial court also must correct those judgments.

## III.  Conclusion

Based upon the record and the parties' briefs, we affirm the sentences imposed but remand the case to the trial court for correction of the judgments.

_____
NORMA MCGEE OGLE, JUDGE